ROGERS EBERT COMPANY, A CORPORATION, RESPOND-
ENT, v. CENTURY CONSTRUCTION CO., A CORPORA-
TION, IMPLEADED, ETC., APPELLANT.

Submitted May 7, 1940—Decided July 29, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the appellant, *Harry Kay*.

For the respondent,

The opinion of the court was delivered by

PARKER, J.   The plaintiff sued as assignee of the claim
of one Zweigard under a contract for furnishing and install-
ing the plumbing, heating and tinning equipment for a cer-
tain house that was under construction.   The complaint
alleged that the contract was made by both defendants,
Epstein and the "Century Construction Co."—so reads the
name of the corporation in the record.   The answer of Epstein
set up a number of defenses, and added a counter-claim for
alleged defective work, &c., alleging a written contract between
Epstein and Zweigard dated October 2d, 1936, annexing a
copy.   An amended answer by Epstein set up another similar
but not identical contract of the same date.   No answer was
filed by the Century Corporation at any time, but no default
judgment was taken against it.   Both counter-claims set up

breach by Zweigard, and claimed damages against him, and he answered traversing their allegations and setting up acceptance by Epstein. In this situation of the record, with the corporate defendant in default but with no default judgment against it, the Circuit Court ordered a reference pursuant to section 155 of the Practice act of 1903. *N. J. S. A.* 2:27-178. The referee reported that neither instrument set up in the counter-claims was the real contract, but that the actual contract consisted of a written estimate dated September 28th, 1936, signed by Zweigard, and orally accepted, not by Epstein, but by the Century corporation; and found an unpaid balance against which he charged certain items of defective or omitted work and materials, and struck a balance of $1,416.96 including interest, against the Century corporation, the present appellant, giving to it full privilege of defending at the reference, notwithstanding the default. He found Epstein not liable. The Century Construction Co. excepted to the report, the exceptions were overruled; and judgment entered upon the report. Century Construction Co. appeals, and three points are argued.

The first is that the case is not one in which "matters of account are in controversy," in the language of the statute. We hold to the contrary. In suits to recover a contract price, or balance thereof, under a building contract, reference of such cases is in our experience a fairly common practice, and peculiarly suitable for patient examination by a referee. Indeed, our court of last resort expressly so held in *New York Metal Ceiling Co.* v. *Kiernan,* 73 *N. J. L.* 763, a case on all fours with the present one but with the added element of a mechanics lien.

The second point is that the referee allowed parol testimony to vary the terms of the accepted estimate, which he held to be the contract. The variance was this: the estimate was for doing the work, &c., "for the sum of $2,550." The testimony received was that the money was to be paid in installments, $900 when rough work was finished, $1,000 when fixtures delivered; $650 balance on completion. Conceding for the sake of argument that this amounted to a variance, we are unable to see what possible harm could have resulted.

The total was the same, the contractor claimed completion and his rights were adjudged on that basis. The question was not whether some installment had not become due, but whether there should be a deduction from the total for defects.

The third and last point is that the complaint charges Epstein and Century jointly, that Epstein went without day; and that Century only was held; and that this judgment is not supported by the record. Before the Practice act of 1912 this point might have had some importance; but section 9 of that act (*Pamph. L.* 1912 (at *p.* 379)) provides that "No action shall be defeated by the non-joinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require." See *N. J. S. A.* 2:27-31. The record may be appropriately amended by the elimination of Epstein as an alleged party to the contract; and assuming such amendment as made, the judgment under review will be affirmed.

This result makes it unnecessary to deal with a motion to dismiss the present appeal.